## W. P. WOLTER V. THE STATE.

No. 10246.   Delivered October 13, 1926.

Rehearing denied November 24, 1926.

### 1.—Aggravated Assault—Charge of Court—Held Sufficient.

Where, on a trial for an assault to murder, which resulted in a conviction of an aggravated assault, the court in his charge, in applying the law of manslaughter, told the jury to take into consideration "all of the facts and circumstances in evidence in the case in determining whether or not adequate cause existed," such charge is held proper and sufficient.

### 2.—Same—Charge of Court—On Issue Not Raised—Properly Refused.

Where appellant complains of the failure of the court to instruct the jury that an insult to a female relative is adequate cause, and there is not the slightest evidence in the case raising such issue, no error is shown.

### 3.—Same—Charge of Court—On Issue Eliminated by Verdict—No Error Presented.

Where complaint of the charge of the court in submitting the issue of assault to murder is made, and the conviction resulting is for an aggravated assault, any error in the charge submitting assault to murder is eliminated by the verdict of conviction for a lower grade of the offense.

#### ON REHEARING.

### 4.—Same—Charge of Court—How Construed on Appeal.

In construing the charge of the trial court, on appeal, this court will look to the charge as a whole. While separate paragraphs of the charge, considered alone, may appear to be erroneous, when considered in connection with the entire charge, such paragraphs may not show error. Appellant's criticisms of paragraph sixteen in the instant case does not show error, in the light of paragraph seventeen of the same charge. The motion for rehearing is overruled.

Appeal from the District Court of Erath County.   Tried below before the Hon. J. B. Keith, Judge.

Appeal from a conviction of an aggravated assault, penalty a fine of $1,000.00 and confinement in the county jail for six months.

The opinion states the case.

*Oxford & Johnson* of Stephenville, for appellant.

*Sam D. Stinson*, State's Attorney, and *Robert M. Lyles*, Assistant State's Attorney, for the State.

BERRY, JUDGE.—The offense charged is assault to murder, resulting in a conviction for an aggravated assault, and the pun-

ishment assessed is a fine of one thousand dollars and six month; in the county jail.

By Bills 1 and 2, appellant complains at the charge of the court in submitting the issue of an aggravated assault. The charge of the court seems to be in the exact language of the statute and is a correct presentation of the law of the case.

Bill No. 3 complains because the court defined manslaughter · in its statutory form without authorizing the jury to take into consideration any previous difficulties between appellant and the injured party. By a reference to paragraph 15 of the court's charge it will be found that, in addition to the other instructions given, the jury was told to take into consideration "all of the facts and circumstances in evidence in the case in determining whether or not adequate cause existed." Under the authorities in this state this was an apt presentation of the law of the case.

Complaint is also made at the court's failure to instruct the jury that an insult to a female relative is adequate cause. We have examined the record very carefully and fail to find the slightest suggestion in this record raising this issue.

By another bill complaint is made at the court's action in shifting the burden of proof and requiring the jury to believe appellant was not guilty of assault with intent to murder before they could find him guilty of an aggravated assault, In view of the fact that the verdict of the jury was only for aggravated assault, this question passes out of the case.

Other questions presented by appellant we h⌐⌐⌐ carefully considered, but think they are without merit.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—It is the plain duty of this court, in · construing the charge given by the court below, to bear in mind all parts of same. In passing upon an alleged error in paragraph sixteen of the charge of the court, same can not avail appellant, in as much as the error, if there be such, was entirely cured in paragraph seventeen of the charge.

We have again reviewed the record and conclude that our original opinion sufficiently discussed all the material points raised.

The motion for rehearing will be overruled.     *Overruled.*